```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT

MARIANI et al.,                  :
                                 :
     Plaintiff,                  :
                                 :
v.                               :    CASE NO. 3:12-cv-930(RNC)
                                 :
D & H MANAGEMENT                 :
SERVICES, LLC, et al.,           :
                                 :
     Defendant.                  :
```

RULING AND ORDER

Third-party defendant Travelers Indemnity Company moves to dismiss the amended third-party complaint arguing that the Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c). The amended third-party complaint seeks indemnification for any judgment that might be entered against defendants D&H Management Services, LLC (D&H) and William Henry Condominium, Inc. (William Henry) in the original action brought by plaintiffs Bethany Mariani and Miguel Alonso, as well as reimbursement for any attorney's fees, expenses and costs incurred in defense of the action. For the reasons that follow, the Court concludes that the motion to dismiss should be granted.

The amended complaint in the original action seeks compensatory and punitive damages for housing discrimination based on family status in violation of federal and state statutes and negligent infliction of emotional distress. The amended

complaint alleges that D&H and William Henry violated the plaintiffs' rights and caused them severe emotional distress by attempting to enforce a condominium bylaw prohibiting persons under the age of eighteen from residing at the plaintiffs' condominium.  The female plaintiff was expecting her first child at the time.

The amended third-party complaint alleges that at the relevant time D&H and William Henry were named insureds under a general liability insurance policy issued by Travelers and that Travelers has wrongfully denied coverage for the claims asserted by Ms. Mariani and Mr. Alonso.  It is undisputed that the third party complaint does not itself provide a basis for federal subject matter jurisdiction because the claims do not arise under federal law and the parties are not of diverse citizenship.

Travelers argues that the Court should decline to exercise supplemental jurisdiction because the breach of contract claims in the third party complaint raise complex issues of state law; the state law claims substantially predominate over the federal housing discrimination claim; requiring Travelers to litigate the coverage dispute in the context of the underlying action would not be permitted in state court; and exercising supplemental jurisdiction would require that the deadlines in the scheduling order be extended significantly.

Defendants do not deny that if the original action were

pending in state court, they would not be allowed to implead Travelers.  They argue, however, that the state court practice is not controlling in federal court and that supplemental jurisdiction should be exercised in the interest of conserving their limited resources.  They also contend that Travelers' bare assertions concerning the alleged complexity and predominance of the breach of contract claims should not be credited.  Finally, they point out that although the original case is nearly two years old, little discovery has actually been done.

Supplemental jurisdiction may be exercised when an insured impleads an insurer for the purpose of litigating an indemnification claim.  See WTC Captive Ins. Co., Inc. v. Liberty Mut. Fire Ins. Co., 537 F.Supp.2d 619, 626 (S.D.N.Y. 2008).  In such a case, the risk of prejudice to the insurer, which appears to motivate the state court practice on which Travelers relies, can be avoided by severing the indemnification claim or ordering separate trials.  See 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1449 (2010)(discussing third party indemnification actions against insurers under Rule 14).

The problem with this approach in the present case is largely a matter of timing.  The defendants did not seek to add Travelers to this action until the case had been pending for almost one year.  Under the existing deadlines in the tailored

scheduling order, which already have been extended a number of times at the request of the original parties, discovery must be completed by April 25, 2014, and dispositive motions must be filed by May 25, 2014.  Thus, exercising supplemental jurisdiction over the third party claims would require the Court to effectively reopen discovery in the original case and delay adjudication of the original claims.

    How much discovery and delay would be required is somewhat unclear.  As the defendants correctly point out, Travelers has not demonstrated that the breach of contract claims in the third party complaint raise complex issues of state law, or that those claims predominate over the federal claim.  But the apparent lack of significant discovery activity in the original case, notwithstanding the deadlines in the scheduling order, strongly indicates that the facts relating to the federal claim are not particularly complicated or even disputed.  Moreover, if the third party claims are relatively simple and straightforward, as the defendants seem to suggest, one would expect the defendants to cite the policy provisions on which they rely, but they have not done so.  In the absence of such a submission, it is reasonable to assume that litigating the third party claims from scratch would require extending the deadlines in the scheduling order, and thus delaying resolution of the original claims, for a year or more.  The values of judicial economy and efficiency

would not be served by that approach.

After careful consideration, the Court concludes that the age and status of the original case at the time the motion to implead Travelers was filed, and the probability that the existing deadlines in the scheduling order would have to be extended by a year or more in order to accommodate the third party claims, create exceptional circumstances that warrant declining to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(4).

Accordingly, the motion to dismiss [ECF No. 75] is hereby granted and the amended third party complaint [ECF No. 70] is dismissed.

So ordered this 30th day of March 2014.

_____/s/_____
Robert N. Chatigny
United States District Judge